**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------ X
                                     :
KINGVISION PAY-PER-VIEW,             :
                Plaintiff,           :
                                     :
        -v-                          :
                                     :
LUJO'S LATINOS BAR & RESTAURANT,     :
INC. d/b/a Lu JOS Bar Restaurant,    :
and CELESTINO DE LA CRUZ,            :
individually and as (an)             :
officer(s), director(s), and/or      :
shareholder(s) of Lujo's Latinos     :
Bar & Restaurant, Inc.; ODELIS       :
DELEON, individually and d/b/a       :
City Lights; NEWBURGH BOXING CLUB,   :
INC., and RAYMOND RIVERA,            :
individually and as (an)             :
officer(s), director(s), and /or     :
shareholder(s) of Newburgh Boxing    :
Club, Inc.,                          :
                Defendants.          :
------------------------------------ X

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/10/07
```

**05 CV 10202 (BSJ) (HBP)**

**ORDER**

On January 5, 2007, the above-captioned matter was referred to United States Magistrate Judge Pitman for an inquest as to damages. On June 6, 2007, Magistrate Judge Pitman issued a Report and Recommendation ("R&R") recommending that damages be assessed against defaulting Defendants Newburgh Boxing Club, Inc. and Raymond River, jointly and severally, in the amount of $10,830.00. (R&R 16.) In addition, the R&R recommended that Plaintiff not be awarded attorneys' fees because Plaintiff failed to submit contemporaneous time records; "[i]nstead, plaintiff's papers include an affidavit listing date, claims for

inconsistent numbers of hours, description of work, and hourly rate." (R&R 15; see also Cablevision Sys. N.Y. City Corp. v. Diaz, 01 Civ. 4340, 2002 WL 31045855, at * 5 (July 10, 2002) ("In the Second Circuit, a party seeking an award of attorneys' fees must support that request with contemporaneous time records that show, for each attorney, the date, the hours expended, and the nature of the work done. Attorneys' fees applications that do not contain supporting data should normally be disallowed." (internal citations omitted)).) The parties were given the opportunity to file objections to the R&R, but no objections were filed.

In reviewing a magistrate judge's report and recommendation, the Court may adopt those portions of the report to which no objections have been made and which are not clearly erroneous. Fed. R. Civ. P. 72(b); Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985); see also Ramos v. Superintendent of Clinton Correctional Facility, No. 03 Civ. 1920, 2007 WL 1946575, at *1 (S.D.N.Y. July 2, 2007). Based on my review of the R&R, I find the recommendations to be neither clearly erroneous nor contrary to law. In addition, I find the amount of damages to be reasonable. Accordingly, I adopt the R&R in its entirety.

By Order dated July 25, 2006, I dismissed the action against Defendants Lujo's Latinos Bar & Restaurant, Inc. and

Celestino Cruz, without prejudice. Defendant Odelis DeLeon ("DeLeon") has not been dismissed from this action. Although DeLeon has not answered or otherwise moved with respect to the Complaint, DeLeon was not named in Plaintiff's motion for default judgment or its memorandum submitted therewith. Plaintiff is ordered to submit a letter to the Court by September 30, 2007, advising it of the status of Plaintiff's action against DeLeon.

In accordance with the R&R, the Clerk of Court is directed to enter Judgment against defaulting Defendants Newburgh Boxing Club, Inc. and Raymond River, jointly and severally, in the amount of $10,830.00.

**SO ORDERED:**

                                                                              *Barbara S. Jones*
                                                                              **BARBARA S. JONES**
                                                                              **UNITED STATES DISTRICT JUDGE**

Dated:    New York, New York
              August __, 2007